UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

C.A. No.:

THING5, LLC                                    )
     Plaintiff                               )
                                               )
vs.                                            )
                                               )
VOICECLOUD, INC.,                              )
     Defendant                               )

## COMPLAINT FOR DECLARATORY
## JUDGMENT OF NON-INFRINGEMENT

This is an action for a declaratory judgment of non-infringement and cancellation of U.S.

Trademark Registration No. 3,632,554 (the "'554 Registration").

### PARTIES

1.      Thing5, LLC ("Thing5") is a limited liability Massachusetts company with a

principal place of business at 138 Longmeadow Street, Longmeadow, Massachusetts.

2.      VoiceCloud, Inc. ("VoiceCloud") is a duly organized California corporation with

a principal place of business at 209 La Barranca Dr, Solana Beach, California.

### JURISDICTION AND VENUE

3.      Jurisdiction is proper in this court because this litigation arises under federal law,

namely 17 U.S.C. §1051 et seq. (Lanham Act).  The Court has jurisdiction over this action under

28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a) (trademark), and 28 U.S.C. §2201

(Declaratory Judgment Act).

4.      Upon information and belief, this court has personal jurisdiction over VoiceCloud

through VoiceCloud's purposeful minimum contacts with Massachusetts, by VoiceCloud's

transacting of business in this State, through VoiceCloud's selling of its goods and services in

1

connection with the alleged trademark which is the subject of the '554 Registration, and through VoiceCloud's contact with Thing5.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) because the events and communications between the parties that give rise to Thing5's claim for declaratory relief occurred in Massachusetts, and because upon information and belief, VoiceCloud is subject to the personal jurisdiction in this Court.

6.      An actual case or controversy has arisen between the parties.   VoiceCloud demanded that Thing5 cease and desist from any further use of the mark VOICE CLOUD in association with the marketing, sale, distribution or identification of Thing5 products or services, and has asked Thing5 who would accept service of process on its behalf.   These statements threaten injury to Thing5.

### FACTS

7.      On December 5, 2012, Thing5 received a cease and desist email from Mr. Gerald Marolda, who identified himself as the CEO of VoiceCloud, and alleged infringement of the '554 Registration and demanded that Thing5 cease using the mark VOICE CLOUD.  See Exhibit A.

8.      The service specified in and covered by the '554 Registration is *"[a]n Internet based voice transcription service"*.  See Exhibit B.

9.      On December 19, 2012, Thing5 sent a response to VoiceCloud in which it denied that is infringed '554 Registration, and invited VoiceCloud to contact Thing5 in the event it had any questions.  See Exhibit A.

10.     On December 19, 2012, shortly after sending its response, Thing5 received a reply from VoiceCloud which stated *"[y]our response and refusal to take immediate action to*

2

*cease any and all use of our VOICECLOUD mark is unfortunate and unacceptable. Who accepts*

*service for your organization?"*.  See Exhibit A.

## CAUSES OF ACTION

### COUNT I – Declaration of Non-infringement, 15 U.S.C. § 1051 et seq.

11.     Thing5 repeats and realleges the allegations contained in paragraphs 1-10 of its Complaint and incorporates them herein by reference.

12.     VoiceCloud has threatened to bring a suit alleging that Thing5 has infringed the '554 Registration.

13.     An actual, present and justiciable controversy exists among the parties as a result of VoiceCloud's contentions that Thing5 is infringing, VoiceCloud's demand that Thing5 cease the alleged infringement, and VoiceCloud's request concerning acceptance of service by Thing5. See Exhibit A.

14.     Pursuant to 28 U.S.C. §2201, Thing5 is entitled to a declaration judgment that its use of the mark VOICE CLOUD is not an infringing use.

### COUNT II – Cancellation of the '554 Registration

15.     Thing5 repeats and realleges the allegations contained in paragraphs 1-14 of its Complaint and incorporates them herein by reference.

16.     VoiceCloud has threatened Thing5 with trademark infringement based upon the allegation that VoiceCloud has a valid federal trademark registration that is enforceable against Thing5.

17.     An actual, present and justiciable controversy exists among the parties as a result of VoiceCloud's contentions regarding its ownership of a valid federal registration that Thing5 is

3

infringing, VoiceCloud's demands that Thing5 cease the alleged infringement, VoiceCloud's request concerning acceptance of service by Thing5.  See Exhibit A.

### PRAYER FOR RELIEF

WHEREFORE, Thing5 respectfully requests the following remedies and relief:

1.  A declaration that Thing5's use of the mark VOICE CLOUD is not an infringing use;

2.  cancelling the '554 Registration;

3.  awarding Thing5 its costs in this action; and

4.  awarding Thing5 such other relief that it may be entitled to as a matter of law or equity, or which the Court may deem just and proper.


THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

THE PLAINTIFF,
THING5, LLC

Date: December 20, 2012

/s/ Patrick J. Markey
Patrick J. O'Shea (BBO # 564832)
Patrick J. Markey (BBO # 563542)
O'Shea Getz P.C.
1500 Main Street, Suite 912
Springfield, Massachusetts 01115
Phone (413) 731-3100
Fax (413) 731-3101
poshea@osheagetz.com
shenry@osheagetz.com